MATTHEW J. KREUTZER, ESQ.
Nevada Bar No. 8834
KEVIN R. STOLWORTHY, ESQ.
Nevada Bar No. 2798
CONOR P. FLYNN, ESQ.
Nevada Bar No. 11569
Armstrong Teasdale LLP
3770 Howard Hughes Parkway, Suite 200
Las Vegas, NV 89169
Telephone: 702-678-5070
Facsimile: 702-878-9995
mkreutzer@arsmtrongteasdale.com
kstolworthy@armstrongteasdale.com
cflynn@armstrongteasdale.com

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| TUTORING CLUB, LLC a Nevada limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>WILLIAM W. GROSS,<br><br>Defendant. | Case No.: 2:13-cv-01062-KJD-GWF<br><br>**ORDER GRANTING MOTION FOR DEFAULT JUDGMENT** |

Before the Court is Plaintiff Tutoring Club, LLC's ("Tutoring Club") Motion for Default Judgment [Docket # 11]. After considering the Motion, as well as the Affidavits and Exhibits filed in support of the Motion, the Court finds that the Motion was timely filed and duly noticed. The Court further finds that this action was commenced on June 14, 2013 by the filing of a Complaint against Defendant William W. Gross ("Gross"). On June 20, 2013, Gross was personally served with a copy of the Summons and Complaint. On July 16, 2013, Tutoring Club filed a Motion for Entry of Default after Gross failed to timely respond to the Complaint. On July 17, 2013, the Court Clerk properly entered a Default against Gross.

After consideration of the factors set forth in *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986), the Court finds that good cause exists to grant the monetary and equitable relief requested in the Motion. Accordingly, it is hereby **ORDERED, ADJUDGED AND DECREED** that a Judgment be entered in favor of Tutoring Club and against Gross as follows:

1. Damages for breach of contract in the amount of $65,128.90;
2. Damages for violation of 15 U.S.C. § 1114(1)(a) and 15 U.S.C. § 1125(a) in the amount of $1,467.76;
3. Attorneys' fees in the amount of $6,610.50 and costs in the amount of $606.58;
4. Post-Judgment interest in accordance with 28 U.S.C. § 1961; and
5. A permanent injunction as follows:

(a) That defendant Gross be immediately and permanently enjoined and restrained from working, directly or indirectly, in any competing business offering tutoring services, or otherwise competing against Tutoring Club in any way in violation and breach of the one-year non-compete restrictions in the Franchise Agreement, including the solicitation of Tutoring Club's customers and use of Confidential Information, for a period of one year from the date of entry of this Order pursuant to the non-compete restrictions in the Franchise Agreement, and within the geographic area described in the Franchise Agreement.

(b) That defendant Gross be immediately and permanently enjoined from using Tutoring Club, LLC's name, as well as the Tutoring Club Marks, defined in the Franchise Agreement to include: service marks, trademarks, trade names, trade dress, logos, slogans and commercial symbols used to identify tutoring centers or the services and products offered by Tutoring Club;

(c) That defendant Gross be immediately and permanently enjoined from using Tutoring Club LLC's "System Standards," defined in the Franchise Agreement to include: trade secrets; intellectual property; Tutoring Club's Systems Manual and know-how; the Tutoring Club distinctive interior design, décor, fixtures and furnishings; all marketing, advertising, publicity, public relations, and other promotional materials and programs; materials and programs for recruiting, hiring and training tutors; all written proprietary tutoring materials and programs; all computer software licensed for use by Tutoring Club; and all service quality and client satisfaction standards and

programs;

(d) That defendant Gross be immediately and permanently enjoined from using Tutoring Club LLC's "Confidential Information," defined in the Franchise Agreement to include: the Systems Manual; System Standards; quality-control systems; tutoring, recruiting, and training materials and programs; tutoring materials and programs; computer software; information regarding salary research; items, services, developments, inventions, processes, techniques, and designs; marketing programs; finances; field operations; employee recruiting; and supplier relations.

Dated: August 30, 2013

**IT IS SO ORDERED.**

_____
UNITED STATES DISTRICT JUDGE